# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2801-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSE L. REYES, a/k/a
JOSE LUIS REYES,
CHEQUI,

     Defendant-Appellant.

_____

Submitted February 2, 2021 – Decided February 19, 2021

Before Judges Yannotti and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 84-11-1051.

Joseph E. Krakora, Public Defender, attorney for appellant (Morgan A. Birck, Assistant Deputy Public Defender, of counsel and on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Mark Niedziela, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jose L. Reyes appeals from a December 20, 2018 Law Division order denying his motion to correct an illegal sentence. We affirm.

We briefly summarize the relevant facts. In 1984, a Passaic County grand jury charged defendant with: burglary, N.J.S.A. 2C:18-2 (count one); burglary, N.J.S.A. 2C:18-2b(1) and (2) (count two); murder, N.J.S.A. 2C:11-3a(1) and (2) (count three); felony murder, N.J.S.A. 2C:11-3a(3) (count four); aggravated assault, N.J.S.A. 2C:12-1b(1) and (2) (counts five, nine and twelve); terroristic threats, N.J.S.A. 2C:12-3a and b (counts six and ten); attempted aggravated sexual assault, N.J.S.A. 2C:5-1 and 2C:14-2a(3), (4) and (6) (count seven); attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3 (counts eight and eleven); and possession of weapons for unlawful purposes, N.J.S.A. 2C:39-4 (count thirteen). The events that led to these charges were summarized by the Supreme Court in State v. Reyes, 140 N.J. 344, 346-49 (1995).

The matter was tried as a capital case. At trial, defendant did not dispute he killed one of the victims and stabbed and wounded three others. Instead, he asserted that "he did not recall the events and that he had been unable to form the requisite mental intent because he suffered from voluntary intoxication and diminished capacity due to mental defect or disease brought about by his long-term ingestion of drugs and alcohol." Ibid.

After the State rested its case, the trial court dismissed count one, charging burglary.  Id. at 351.  Defendant was found not guilty on count seven, in which he was charged with attempted aggravated assault, and guilty of the remaining charges.  Ibid.  Defendant was sentenced to an aggregate eighty-year prison term with a forty-five-year period of parole ineligibility.  Ibid.

In his motion, defendant relied on Miller v. Alabama, 567 U.S. 460 (2012), and "leading cases [having] to do with juvenile cases where they're sentenced for life without parole."  Appointed counsel filed a supplemental brief in which he argued that circumstances since defendant's incarceration warranted mitigation in defendant's sentence.  Judge Adam Jacobs held a hearing on April 12, 2017, but, due to an administrative error, defendant was not brought from the prison to the court.

In his April 12, 2017 oral decision, Judge Jacobs stated that "there really isn't even a glimmer of hope" defendant's application would be granted and found no reason to reschedule the hearing.  The judge concluded defendant's motion was an application to amend a sentence rather than "a standard post-conviction relief application."  Judge Jacobs found defendant's application "d[id] not meet . . . the criteria under Rule 3:21-10" or the "category of cases

3

. . . having to do with juvenile offenders."  The court issued an April 12, 2017 order denying defendant's motion.

Defendant thereafter moved to vacate the April 12, 2017 order as defendant was not present at the April 12th proceedings, an application to which the State consented, and we granted.  At the remanded December 20, 2018 proceeding, defendant requested that the court "expand[]" the holding in Miller and State v. Zuber, 227 N.J. 422 (2017), to incorporate "youthful offender[s]."

Judge Jacobs again denied defendant's application for similar reasons he expressed in his April 12, 2017 oral decision.  The judge determined a change in defendant's sentence was not warranted under Rule 3:21-10 as he was "not inclined to break new ground and . . . diminish the distinction between youthful offender and juvenile offender."

Defendant appeals, raising a single point:

> THE PAROLE BAR OF FORTY-FIVE YEARS WAS CRUEL AND UNUSUAL PUNISHMENT BECAUSE THE COURT IMPOSED IT UPON A TWENTY-FOUR-YEAR-OLD OFFENDER WITHOUT CONSIDERATION OF THE BEHAVIORAL SCIENCE THAT COUNSELED STRONGLY AGAINST IMPOSING IT UPON A PERSON OF THAT AGE.  U.S. CONST. AMEND. VIII, XIV; N.J. CONST. ART. I, ¶ 12.

Defendant argues if he had been under the age of eighteen, his sentence which he characterized as "substantially a sentence of life without parole[,]" would be presumptively unconstitutional. Relying on behavioral science studies and articles, he maintains that the same science demonstrating that adolescents are less culpable and more amenable to rehabilitation than adults, also applies to youthful offenders who are under the age of twenty-five. We reject these arguments as without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and affirm, essentially for the reasons expressed by Judge Jacobs in his April 12, 2017 and December 20, 2018 oral decisions. We provide the following discussion to amplify our decision.

A petition to correct an illegal sentence can be filed at any time. R. 3:21-10(b)(5); State v. Zuber, 227 N.J. 422, 437 (2017); State v. Acevedo, 205 N.J. 40, 47 n.4 (2011). An illegal sentence is defined as one "not imposed in accordance with the law." Zuber, 227 N.J. at 437 (quoting Acevedo, 205 N.J. at 45). Whether a defendant's sentence is illegal or unconstitutional is "an issue of law subject to de novo review." State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016) (citing State v. Pomianek, 221 N.J. 66, 80 (2015)).

In three landmark decisions, the United States Supreme Court relied on scientific data to find that age is an important factor when assessing juvenile

culpability at sentencing.  See Roper v. Simmons, 543 U.S. 551, 568-72 (2005); Graham, 560 U.S. at 68-69; Miller, 567 U.S. at 471-73.  In Roper, the Court held that the Eighth Amendment protection against cruel and unusual punishment prohibits sentencing juveniles under eighteen years old to the death penalty.  543 U.S. at 568, 578.  In Graham, the Court held that the Eighth Amendment also prohibits sentencing juveniles to life without parole for non-homicide offenses.  560 U.S. at 74-75.  Finally, in Miller, the Court determined that a sentencing judge must consider youth-related factors "before concluding that life without any possibility of parole was the appropriate penalty."  567 U.S. at 479.  The Miller Court stated that "although we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison."  Id. at 480.

In Zuber, the New Jersey Supreme Court noted that "in the past decade, the United States Supreme Court has sent a clear message . . . :  'children are different' when it comes to sentencing, and 'youth and its attendant characteristics' must be considered at the time a juvenile is sentenced to life imprisonment without the possibility of parole."  227 N.J. at 429 (quoting Miller, 567 U.S. at 465, 480).  The Court approved consideration of a number of

6                                              A-2801-18

sentencing factors cited in <u>Miller</u> and held "that[] before a judge imposes consecutive terms that would result in a lengthy overall term of imprisonment for a juvenile, the court must consider the <u>Miller</u> factors along with other traditional concerns." <u>Ibid.</u> (emphasis added) (citing <u>State v. Yarbough</u>, 100 N.J. 627 (1985)).

<u>Miller</u> and <u>Zuber</u>, which apply only to juvenile defendants, have no applicability here as defendant was not a juvenile but a twenty-four-year-old adult when he committed the murder, attempted murders, aggravated assaults and the other related offenses for which he was convicted and sentenced. There is simply no legal basis for treating defendant as if he had been a juvenile, that is, under the age of eighteen, when he committed those crimes. <u>See</u> N.J.S.A. 2A:4A-22(a) (Code of Juvenile Justice definition of a juvenile as an individual under the age of eighteen). Further, defendant's aggregate term of eighty years of imprisonment with a forty-five-year period of parole ineligibility, which will make him eligible for parole at age sixty-nine, is not the functional equivalent of a life sentence without parole in any event.

Finally, defendant's reliance before us on certain behavioral science studies and articles is misplaced. First, we cannot discern from the record if defendant ever presented these materials to Judge Jacobs. Second, even if he

A-2801-18

did support his application with those articles and studies, they are untethered to the facts underlying defendant's crimes and his specific circumstances. Indeed, the record is devoid of any expert proofs, judicially noticeable facts, or relevant medical records explaining how defendant's violent, criminal actions were caused by his purported "youthful" status. See Celino v. Gen. Accident Ins., 211 N.J. Super. 538, 544 (App. Div. 1986) ("Facts intended to be relied on which do not already appear of record and which are not judicially noticeable are required to be submitted to the [trier of fact] by way of affidavit or testimony." (citing R. 1:6-6 and R. 4:46-2)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8                                                                    A-2801-18